# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOSEPH A. VANMETER,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0093** (BOR Appeal No. 2046162)
                    (Claim No. 2010135293)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**DENZIL CONSTRUCTION/FENTON RIGGING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph A. Vanmeter, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jack Rife, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 23, 2011, in which the Board affirmed a June 22, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 27, 2010, decision rejecting Mr. Vanmeter's claim for occupational pneumoconiosis benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Vanmeter worked as a laborer for various employers until 2006. On April 22, 2010, Mr. Vanmeter filed an application for occupational pneumoconiosis benefits with a date of last exposure of November of 2006. The claims administrator rejected Mr. Vanmeter's application for benefits because it found that the actual date of last exposure was August 31, 1998, under West Virginia Code § 23-4-15(b) (2010), and Mr. Vanmeter had not met the exposure requirement in West Virginia Code § 23-4-1(2008).

The Office of Judges affirmed the claims administrator's decision, and held that Mr. Vanmeter failed to demonstrate that he met the exposure requirements for consideration of occupational pneumoconiosis benefits. West Virginia Code § 23-4-1 requires exposure to the hazards of occupational pneumoconiosis in West Virginia over a continuous period of not less than two years during the last ten years immediately preceding the date of his last exposure to such hazards, or for any five of fifteen years immediately preceding the date of such last exposure. The Office of Judges noted that Mr. Vanmeter had the opportunity to present evidence in support of his claim, but his evidence only confirmed the findings supporting the rejection of his claim because the evidence demonstrates that he failed to meet the exposure requirement. The Board of Review reached the same reasoned conclusions in its decision of December 23, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 1, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II